**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

Philip Thompson
6608 Ingelwood Street
Richmond, Virginia 23228

     Plaintiff,

vs.

Doswell Ventures, LLC.
119 Libbie Avenue
Richmond, Virginia 23226

    Defendant.

DEC 2 8 2010

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

3: 10 C V 917

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

1.     This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. (the "ADA"), which prohibits discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2.     The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3.     Venue is proper under 28 U.S.C. § 1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

### Parties

4.     Plaintiff, Philip Thompson ("Thompson"), is an adult resident of Virginia, and an individual with a disability substantially limiting a major life activity, covered by the ADA, in that he is a single leg amputee, and uses a wheelchair for mobility.

1

5.      Doswell Ventures, LLC.(hereafter "Doswell"), a Virginia limited liability company, is the owner and operator of a gas station and convenience store located at 9159 Chamberlayne Road, Mechanicsville, Virginia 23116.

## The Gas Station  is a Place of Public Accommodation

6.      The gas station is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(E).

## ADA Prohibition of Discrimination by Public Accommodations

7.      Title III of the ADA, specifically 42 U.S.C. §§12182, prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation, including a failure to make appropriate modifications in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

## Architectural Barriers to Access

8.      The following conditions exist at the gas station:

a)      The parking space designated as accessible is too far away from the entrance to the gas station;

b)      The parking space designated as accessible is located in an area of the parking lot where the ground slope is in excess of 2%;

c)      No curb ramp is provided for a person who uses a wheelchair to gain access into the gas station;

d)      The parking space designated as accessible lacks proper signage;

9.      Plaintiff asserts that each of the above conditions, as well other conditions within the gas station that were not observed because of the barrier that prevented entrance into the gas station by plaintiff, constitutes architectural barriers, violative of Title III of the ADA.

10.    By failing to remove existing architectural barriers at its gas station Doswell has discriminated against persons with disabilities, specifically those with mobility impairments and who use wheelchairs, by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the gas station, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).

### Failure to Remove Architectural Barriers
### or Modify Policies: Unlawful Discrimination

11.    Doswell has failed to remove the above mentioned architectural barriers at its gas station and to make reasonable modifications in its policies, practices and procedures to afford full and equal access and enjoyment of the gas station by persons with disabilities covered by Title III of the ADA, in violation §42 U.S.C. 12182(b)(2)(A).

### Standing: Thompson's Visit and Intention to Return to the Gas Station

12.    Thompson has visited the gas station and has been injured because his full and equal enjoyment of the gas station was denied and curtailed by the presence of the architectural barriers set forth above.

13.    Thompson has a present intention and desire to visit the gas station in the future.

WHEREFORE, Thompson demands judgment against Doswell, and requests:

A.    That the Court declare that the place of public accommodation at issue in this case, to wit, the Gas station, owned and/or operated by Doswell is not readily accessible to Thompson violative of the ADA;

B.    That the Court enter an order directing Doswell to alter and renovate the place of public accommodation at issue in this case, to wit, the gas station, to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

C.    That the Court enter an order directing Doswell to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow it to undertake and complete the alterations and

3

renovations at the place of public accommodation at issue in this case, to wit, the gas station;

D.     That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit, to Thompson; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted,

/s/ Joel R. Zuckerman

Joel Zuckerman
Virginia Bar No. 42453
Maxwell & Barke LLC
51 Monroe Street, Suite 806
Rockville, MD 20850
Telephone:  (301) 309-8300
Facsimile:   (301) 309-8303
Email@maxlaw.us
*Attorneys for the plaintiff*